Matthew T. Meade
Kaitlyn J. Mitcham
Smith Oblander Meade & Mitcham, P.C.
PO Box 2685
Great Falls, MT  59403-2685
Telephone: (406) 453-8144
matt@bigskylaw.com
kaitlyn@bigskylaw.com
*Co-Attorneys for Plaintiff, Dhillon Hotel, Inc.*

Channing J. Hartelius
Hartelius Law Center, PLLC
P.O. Box 1024
Great Falls, MT 59403-1024
Telephone: (406) 788-0035
chartelius@mtlawyers.net
*Co-Attorneys for Plaintiff, Dhillon Hotel, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| Dhillon Hotel, Inc., d/b/a Holiday Inn Great Falls,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>The Sherwin-Williams Company,<br><br>　　　　Defendants. | Cause No:  CV-22-16-GF-BMM-JTJ<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, Dhillon Hotel, Inc., doing business as Holiday Inn Great Falls, by and through its counsel of record, Matthew T. Meade and Channing J. Hartelius, and for its Complaint states and alleges as follows:

Complaint and Demand for Jury Trial – Page 1

## JURISDICTION AND VENUE

1. Plaintiff, Dhillon Hotel, Inc. ("Dhillon"), is a corporation organized and existing under the laws of the state of Montana. Its principal place of business is Great Falls, Cascade County, Montana. As such, Dhillon is a citizen of Montana.

2. Dhillon is registered with the Montana Secretary of State to use the assumed business name "Holiday Inn Great Falls". Dhillon operates a hotel under its assumed business name in Great Falls, Montana (the "Holiday Inn").

3. Defendant, The Sherwin-Williams Company ("Sherwin-Williams"), is an Ohio Business with its principal place of business in Cleveland, Ohio.

4. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, as this action involves a controversy between citizens of different states, and the amount in controversy exceeds $75,000.00.

5. Venue in the District of Montana, Great Falls Division, is proper pursuant to 28 U.S.C. § 1391(b)(1) and L.R. 1.2(c)(3). Sherwin-Williams meets the residency requirements of 28 U.S.C. § 1391(c)(2) by systematically engaging in business in Great Falls, Cascade County, Montana, and by creating sufficient minimum contacts within the state, thereby subjecting itself to personal jurisdiction. Additionally, venue is proper under 28 U.S.C. § 1391(b)(2) and L.R. 1.2(c)(3), as a substantial part of the events and

omissions which are the subject of this Complaint occurred in Great Falls, Cascade County, Montana.

## GENERAL ALLEGATIONS

6. Beginning in May 2019, Dhillon purchased paint to repaint doors at the Holiday Inn.

7. Sherwin-Williams was the manufacturer of the paint purchased by Dhillon.

8. Dhillon painted over 600 doors at the Holiday Inn with the paint manufactured by Sherwin-Williams. The paint was applied throughout the summer and fall of 2019.

9. The paint manufactured by Sherwin-Williams was defective, causing numerous doors throughout the hotel to stick. The defective paint is also chipping throughout the Holiday Inn.

10. Guests often cannot open doors to rooms due to the defective Sherwin-Williams paint. Several reviews note this problem, saying things such as "door to the room had to be forcefully closed in order to get it to latch"; "Doors couldn't open or close properly"; "When we did get a room the door stuck to the point that I had to hit it with my shoulder to get it to open"; and "door was jammed so I had to push force to open and closed [sic] the door." Some doors stick so badly that Dhillon rents those rooms as a last resort. The sticking doors are so bad that some rooms are essentially not

accessible.

11. In addition to being a common guest complaint, sticking doors pose a serious safety concern for guests at the Holiday Inn. Guests must be able to quickly open doors to safely exit the Holiday Inn in the event of a fire or other emergency.

12. Dhillon faces an extreme financial hardship as they need to replace over 600 doors.

13. Dhillon has lost revenue from guest dissatisfaction with the rooms.

14. Dhillon will suffer future lost revenue while the doors are replaced.

## COUNT I – BREACH IMPLIED WARRANTY OF MERCHANTABILITY

15. Dhillon incorporates each and every fact alleged in paragraphs 1-14 above, as though set forth fully herein.

16. Sherwin-Williams is, and was at all relevant times, a merchant with respect to paint sales.

17. A warranty that the paint purchased by Dhillon was in merchantable condition is implied by law. Mont. Code Ann. § 30-2-314.

18. The paint, when sold and at all times thereafter, was not in merchantable condition.

19. As a direct and proximate result of Sherwin-Williams' breach of the warranty of merchantability, Dhillon has been damaged in an amount to be

proven at trial.

### COUNT II – BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

20. Dhillon incorporates each and every fact alleged in paragraphs 1-19 above, as though set forth fully herein.

21. Sherwin-Williams is, and was at all relevant times, a merchant with respect to paint sales.

22. Sherwin-Williams had reason to know that paint it sold would be used for the purpose of painting doors.

23. Dhillon relied upon Sherwin-Williams brand, reputation, skill, and judgment in furnishing suitable goods.

24. A warranty that the paint purchased by Dhillon was fit for the particular purpose of painting doors is implied by law. Mont. Code Ann. § 30-2-314.

25. The paint, when sold and at all times thereafter, was not fit for the particular purpose of painting doors.

26. As a direct and proximate result of Sherwin-Williams' breach of the implied warranty of fitness for a particular purpose, Dhillon has been damaged in an amount to be proven at trial.

### COUNT III – BREACH OF EXPRESS WARRANTY

27. Dhillon incorporates each and every fact alleged in paragraphs 1-26 above, as though set forth fully herein.

28. Upon information and belief, Dhillon believes that an express warranty was made by Sherwin-Williams at the time the paint was sold.

29. Upon information and belief, Dhillon believes that Sherwin-Williams breached that express warranty by selling defective paint.

30. As a direct and proximate result of Sherwin-Williams' breach of its express warranty, Dhillon has been damaged in an amount to be proven at trial.

## COUNT IV – NEGLIGENCE

31. Dhillon incorporates each and every fact alleged in paragraphs 1-30 above, as though set forth fully herein.

32. At all times relevant hereto, Sherwin-Williams had a legal duty to Dhillon to use due care in producing paint that would not stick or chip.

33. Sherwin-Williams breached its legal duty of care by manufacturing and selling defective paint.

34. As a direct and proximate result of Sherwin-Williams' breach of its duty, Dhillon has been damaged in an amount to be proven at trial.

**WHEREFORE,** Dhillon prays for the following relief:

1. For Judgment in favor of Dhillon, awarding all general and special damages caused by Sherwin-Williams' various warranty breaches and negligence, including but not limited to all direct, incidental, and consequential damages;

2. To the extent permitted by law, warranty, or contract, an award of Dhillon's attorney fees;

3. For judgment awarding Dhillon its reasonable costs and expenses as may be allowed; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of February, 2022.

    Smith Oblander Meade & Mitcham, PC

    By: /s/ Matthew T. Meade
    Matthew T. Meade
    Smith Oblander Meade & Mitcham, PC
    104 2nd St S., Ste. 400
    Great Falls, Montana 59401
    Telephone: (406) 453-8144
    Fax: (888) 402-0579
    Email: matt@bigskylaw.com
    *Co-Attorneys for Dhillon Hotel, Inc.*

    Hartelius Law Center, PLLC

    By: /s/ Channing J. Hartelius
    Channing J. Hartelius
    Hartelius Law Center, PLLC
    P.O. Box 1024
    Great Falls, MT 59403-1024
    Telephone: (406) 788-0035
    Email: channing@harteliuslaw.com
    *Co-Attorneys for Dhillon Hotel, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted this 22nd day of February, 2022.

        Smith Oblander Meade & Mitcham, PC

        By:  /s/ Matthew T. Meade
        Matthew T. Meade
        Smith Oblander Meade & Mitcham, PC
        104 2nd St S., Ste. 400
        Great Falls, Montana 59401
        Telephone:  (406) 453-8144
        Fax:  (888) 402-0579
        Email: matt@bigskylaw.com
        *Co-Attorneys for Dhillon Hotel, Inc.*

        Hartelius Law Center, PLLC

        By:  /s/ Channing J. Hartelius
        Channing J. Hartelius
        Hartelius Law Center, PLLC
        P.O. Box 1024
        Great Falls, MT 59403-1024
        Telephone:  (406) 788-0035
        Email: channing@harteliuslaw.com
        *Co-Attorneys for Dhillon Hotel, Inc.*